

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DAS
F.# 2008R01701

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

January 6, 2009

**BY HAND & ECF**

The Honorable Charles P. Sifton
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Analdo Samuel
           Criminal Docket No. 08-722 (CPS)

Dear Judge Sifton:

      The United States respectfully submits this letter in connection with the upcoming trial of this case, scheduled for February 2, 2008.  The government hereby moves in limine to introduce into evidence other uncharged criminal conduct of the defendant.  In addition, the government respectfully submits that the Court may wish to appoint independent counsel to advise the defendant concerning a potential conflict of interest, pursuant to United States v. Curcio, 680 F.2d 881, 888-90 (2d Cir. 1982).

I.       Rule 404(b) Motion

      A.   The Instant Offense

      The defendant is charged with wire fraud and identity theft arising from his fraudulent use of the identities of two property owners, Carlos Hernandez and Syntyche Thompson ("the Property Owners").  In both instances, the defendant recruited a co-conspirator to pose as the Property Owner, and obtained a false driver's license with the Property Owner's name and the co-conspirator's photograph.  The defendant then posed as the Property Owner's fictional son, "Eddie," and retained attorneys and mortgage brokers for closings on the properties owned by the

Property Owners.[1]  The defendant directed all details of the transactions, and received all the proceeds from the closings. The true Property Owners remained unaware of these transactions, and did not learn that their identities had been stolen until after the defendant completed the fraud.

      B.   <u>Other Identity Theft by the Defendant</u>

The government seeks to introduce evidence of a pattern of similar conduct by the defendant -- specifically that the defendant possessed numerous false identity documents, with the defendant's photograph and a false name.  As part of this evidence, the government will show that when the defendant was arrested on September 22, 2008, he possessed two false identification documents with the defendant's photograph and the name "George Anthony Rogers."  At the time of the defendant's arrest, a tenant in the defendant's building stated that the defendant was the landlord of the building, and that the tenant knew the defendant by the name "George Anthony Rogers." Moreover, the defendant received utility bills in the name "George Anthony Rogers" at his address in the building.

      C.   <u>The Second Circuit Standard for Federal Rule of Evidence 404(b)</u>

Rule 404(b) provides that evidence of "other crimes, wrongs or acts" may not be admitted to prove character, but may be admissible for other purposes, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b).  The standards governing the admissibility of evidence under Rule 404(b) are well established:

> First, the district court must determine if the evidence is offered for a proper purpose, one other than to prove the defendant's bad character or criminal propensity.  If the evidence is offered for a proper purpose, the district court must next determine if the evidence is relevant to an issue in the case, and, if relevant, whether its probative

---

[1] The defendant used the Hernandez identity to fraudulently obtain a second mortgage using two of Hernandez's properties. The defendant used the Thompson identity to set up a fraudulent sale of Thompson's property.

>           value is substantially outweighed by the
>           danger of unfair prejudice.  Finally, upon
>           request, the district court must give an
>           appropriate limiting instruction to the jury.

United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992) (citation omitted). See United States v. Tarricone, 996 F.2d 1414, 1421 (2d Cir. 1993). See also Huddleston v. United States, 485 U.S. 681, 685 (1988).

      The Second Circuit has long viewed Rule 404(b) as an inclusive rule allowing "other acts" evidence if the evidence is offered to prove something other than criminal propensity, is relevant to the crime for which the defendant stands trial, and satisfies the balancing test of Federal Rule of Evidence 403. See, e.g., United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000); United States v. Germosen, 139 F.3d 120, 127 (2d Cir. 1998).

        D.    The Proposed Evidence Is Admissible to Show Intent, Knowledge, Absence of Mistake and Modus Operandi

      The evidence is admissible to show opportunity, intent, knowledge and absence of mistake.  The defendant's regular, habitual possession of false identities shows that he had both the opportunity to commit identity theft and the expertise to do so.  In addition, the defendant's use of the "George Anthony Rogers" identification is also admissible to show modus operandi, in that he has again engaged in identity theft in connection with real estate transactions.  See e.g., United States v. DeVillio, 983 F.2d 1185, 1994 (2d Cir. 1993) ("[a]s a general rule, similar act evidence on the issues of identity and a common design or plan is admissible even if the acts occurred after the crime charged in the indictment."); United States v. Arroyo-Angulo, 580 F.2d 1137 (2d Cir. 1978) (similar acts occurring after the crime charged in the indictment are admissible to show intent and common scheme or design).

      It is anticipated that the defendant may assert a defense of lack of knowledge, arguing that he merely arranged the transactions charged in the indictment without realizing their fraudulent nature.  Under such circumstances, it is crucially important for the jury to learn of the defendant's additional continued use of fraudulent identities, which directly undermines a claim of lack of knowledge.  Moreover, even if the defendant does not assert a lack of knowledge defense, the government

3

nonetheless has an affirmative obligation to prove knowledge and intent.

### E. The Evidence Satisfies the Requirements of Rule 403

For the reasons set forth above, the proposed evidence is extremely probative, providing crucial information regarding the defendant's identity theft and fraud. This probative value is not substantially outweighed by any prejudice that the defendant might claim by virtue of its introduction. The essential inquiry under Rule 403 for admission of evidence of other crimes is whether it involves "conduct likely to arouse irrational passions." United States v. Smith, 727 F.2d 214, 220 (2d Cir. 1984). Plainly, evidence related to additional identity theft and fraud does not raise these sort of concerns as these transactions do not involve "conduct any more sensational or disturbing than the crimes [] charged." Pitre 960 F.2d at 1120 (quoting United States v. Roland-Zapata, 916 F.2d 795, 804 (2d Cir. 1991)). See also United States v. Livoti, 196 F.3d 322, 326 (2d Cir. 1999) (upholding admissibility of evidence that the defendant, a police officer charged with engaging in excessive use of force with arrestee, choked another arrestee on the basis that "the evidence did not involve conduct more inflammatory than the charged crime, and the district court gave a careful limiting instruction").

## II.    Proffer Statements

On December 4, 2008, the government conducted a proffer session with the defendant in the presence of defense counsel Michael Gold, wherein the defendant admitted his guilt to all charges contained in the indictment. Therefore, at the trial, should the defendant testify, offer evidence in any form, including through the examination of witnesses and the introduction of documents, recordings and tangible objects; or advance arguments that conflict with his statements at the proffer session, the government intends to offer evidence of those statements. See United States v. Barrow, 400 F.3d 109 (2d Cir. 2005)(permitting the government to introduce the defendant's proffer statements in order to rebut the defense counsel's assertions made in the opening statement, and the cross-examination of a government witness); United States v. Velez, 354 F.3d 190 (2d Cir. 2004)(upholding enforcement of proffer agreement permitting the government to introduce the defendant's statements in rebuttal to evidence and argument advanced by defense).

Finally, it should be noted that Mr. Gold's presence as a witness to his client's statements at the proffer session presents a potential conflict of interest. As discussed above, if the defendant takes a position at trial contrary to his statements at the proffer session, the government intends to call Postal Inspector Michelle Purnavel as a witness to elicit the defendant's proffer statements. To the extent that Mr. Gold's recollection of events differs from that of Inspector Purnavel, the defendant might wish to call Mr. Gold as a witness to contradict the government's proof.[2]

The Second Circuit has made clear that, under these circumstances, a <u>Curcio</u> hearing is required to explore this potential conflict of interest. See <u>United States v. Curcio</u>, 680 F.2d 881, 888-90 (2d Cir. 1982); <u>United States v. Stantini</u>, 85 F.3d 9, 13 (2d Cir. 1996); <u>United States v. Malpiedi</u>, 62 F.3d 465, 467 (2d Cir. 1995). Accordingly, we request that the Court conduct a <u>Curcio</u> hearing to explore with the defendant the potential conflict of interest and to determine whether the defendant would prefer to preserve his right to call his current attorney as a witness at trial (thus necessitating disqualification) or to forgo his ability to call Mr. Gold as a witness (and retain him as counsel). In this context, the defendant should be afforded an opportunity to explore what, if any, testimony his attorney could offer on his behalf in response to the testimony of Inspector Purnavel. The Court could then determine whether the defendant is prepared knowingly and intelligently to waive this potential conflict of interest and, if so, whether to accept such a waiver. Additionally, the

---

[2] The government has provided the defendant with a written summary of the defendant's proffer statements.

5

government respectfully suggests that the Court appoint independent counsel to advise the defendant with respect to this matter.  See Curcio, 680 F.2d at 890.

                                  Respectfully Submitted,

                                  BENTON J. CAMPBELL
                                  United States Attorney
                                  Eastern District of New York

                          By:  /s/ Daniel Spector
                                  Daniel A. Spector
                                  Assistant U.S. Attorney
                                  (718)254-6345

cc:  Michael Gold, Esq.
     Clerk of Court (CPS)